IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EULA MCNEIL,                                                                                             PLAINTIFF

VS.                                                         CIVIL ACTION NO.  5:05CV180-KS-JMR

ADAMS COUNTY, MISSISSIPPI, BOARD OF                                          DEFENDANTS
SUPERVISORS, SECOND CREEK WATERSHED
DRAINAGE DISTRICT, AND THE UNITED
STATES OF AMERICA, ACTING BY AND
THROUGH THE UNITED STATES DEPARTMENT
OF AGRICULTURE, NATURAL RESOURCES
CONSERVATION SERVICE

### MEMORANDUM OPINION AND ORDER TRANSFERRING CASE TO COURT OF CLAIMS

FACTUAL BACKGROUND

Plaintiff Eula McNeil filed an action in the Chancery Court of Adams County, Mississippi, on September 8, 2005, seeking compensation in an unspecified amount for damages to her five-acre piece of property allegedly caused by defendants.  In her Complaint, Plaintiff alleges that defendants' construction of a dam and/or bridge resulted in her property being flooded, and that their actions constitute an inverse condemnation and an unlawful taking of her property under the Fifth Amendment to the U.S. Constitution[1] as well as under Article 3, § 17 of the Mississippi State Constitution.  As compensation for this alleged damage to her property,

---

[1] In her Complaint, Plaintiff cites to the Seventh Amendment (which governs the right to a jury trial in civil actions), rather than the Fifth Amendment, which governs takings of property. For the purposes of this motion, the Court will assume that Plaintiff intended to cite to the Fifth Amendment.

1

Plaintiff seeks: acquisition and replacement costs; additional payments under §§ 43-39-7, 43-39-9 and 43-39-11 of the Mississippi Code Annotated; all reimbursements authorized by § 43-37-9 of the Mississippi Code Annotated; and all amounts recoverable under the Uniform Relocation Assistance and Real Property Acquisition Act of 1970.

Defendant the United States of America, acting by and through the United States Department of Agriculture, Natural Resources Conservation Service ("Defendant USA") filed a notice of removal on October 6, 2005.  On December 12, 2005, Defendant USA moved to dismiss the case for lack of subject matter jurisdiction, on the ground that, under the Tucker Act, Plaintiff's claim exceeds the $10,000 limitation on a district court's jurisdiction over takings claims against the federal government.  Defendant USA moved in the alternative to transfer this case to the Court of Claims.  Plaintiff has not opposed the motion.

From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion to dismiss should be DENIED, and the motion to transfer should be GRANTED.

## TUCKER ACT JURISDICTION

The Tucker Act, 28 U.S.C. §§ 1346 and 1491, grants the federal district courts original jurisdiction, concurrent with the Court of Claims, over claims against the United States founded upon the Constitution, "not exceeding $10,000 in amount."  Under the Tucker Act, the exclusive forum for Fifth Amendment takings claims which exceed $10,000 lies with the Court of Claims. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Broughton Lumber Co. v. Yeutter*, 939 F.2d 1547, 1556-58 (Fed. Cir. 1991); *Bowles v. U.S. Army Corps of Engineers*, 841 F.2d 112, 113-14 (5th Cir. 1987).

"Plaintiffs [who] seek[] to invoke the subject matter jurisdiction of the federal district

courts bear the burden of alleging that their claims do not exceed the $10,000.00 jurisdictional limit established by the Tucker Act." *Enplanar, Inc. v. Marsh*, 829 F.Supp. 848, 851 (S.D. Miss. 1992), *aff'd without opinion*, 25 F.3d 1043 (5th Cir. 1994) (citations omitted). In her Complaint, Plaintiff has not specified the amount of damages she is seeking, but rather has requested an award of unspecified monetary damages. She has therefore failed to meet her burden of establishing that her claim does not exceed $10,000. *See id.* at 851 ("[Plaintiff] has failed to identify the amount of the contract damages it seeks. Thus [plaintiff] has not met its threshold burden of demonstrating that the $10,000.00 jurisdictional requirement set forth in the Tucker Act has been satisfied."); *see also Leveris v. England*, 249 F.Supp. 2d 1, 4 (D.Me. 2003) (stating that "plaintiff, must establish subject matter jurisdiction. In the absence of any allegation that his claim is $10,000 or less, thereby bringing him within the Little Tucker Act, he has failed to do so.").[2]

The Court notes that if Plaintiff had been willing to agree to waive recovery in excess of $10,000, this Court would be permitted to retain jurisdiction over this case. *See Roedler v. Dep't of Energy*, 255 F.3d 1347, 1351 (Fed. Cir. 2001); *Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir.

---

[2] Plaintiff's claims would most certainly exceed $10,000. First, Plaintiff seeks the acquisition and replacement costs for her five-acre piece of property, which alone would be more than $10,000. In addition, Plaintiff is seeking: payments under Mississippi Code Annotated §§ 43-39-7 (providing for "fair and reasonable relocation payments to displaced persons"), 43-39-9 (allowing additional payments not to exceed $22,500.00) and 43-39-11 (providing, for those not eligible under § 43-39-9, additional payments not to exceed $5,250.00); payments under § 43-37-9 of the Mississippi Code Annotated (allowing reimbursement for "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of such [inverse condemnation] proceeding."); and reimbursement under the federal Uniform Relocation Assistance and Real Property Acquisition Act of 1970, 42 U.S.C. § 4601 *et seq.* (providing for a variety of payments including, *inter alia*, replacement housing, moving expenses and litigation costs and expenses).

1988). However, such a waiver must be specifically made in the pleadings. *McClendon v. Blount*, 452 F.2d 381, 383 (7th Cir. 1971). Here, no such waiver has been made, so there is no basis for this Court to exercise jurisdiction over Plaintiff's claims.

Having determined that this Court lacks jurisdiction over Plaintiff's claims, the issue is whether this Court should dismiss them. As Defendant USA pointed out in its motion, 28 U.S.C. § 1631 provides that where a court finds that it lacks jurisdiction over a case, it "shall, if it is in the interest of justice, transfer such action...to any other such court in which the action...could have been brought at the time it was filed...". Because, as noted above, the Court of Claims has exclusive jurisdiction over Plaintiff's claims, and because this Court has no reason to think that Plaintiff's claims should not be decided on their merits (nor has any such reason been provided by Defendant USA), this Court directs that this case be transferred to the Court of Claims, rather than be dismissed. *See New Mexico v. Regan*, 745 F.2d 1318, 1323 (10th Cir. 1984); *Mitchell v. U.S.*, 930 F.2d 893, 897 (Fed. Cir. 1991); *Broughton*, 939 F.2d at 1558; *Bowles*, 841 F.2d at 113 (5th Cir. 1988); *MacDonald Foundation v. Califano*, 571 F.2d 328, 332 (5th Cir. 1978).

Accordingly, Defendant USA's motion to dismiss for lack of subject matter jurisdiction is DENIED, and Defendant USA's motion to transfer this case to the Court of Claims is GRANTED.

SO ORDERED AND ADJUDGED on this, the 14th day of August, 2006.

                                           s/ *Keith Starrett*
                                           UNITED STATES DISTRICT JUDGE